**J. C. WEST, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. A–16833.**

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1973.

J. B. Champion, Jr., Ardmore, for appellant.

Larry Derryberry, Atty. Gen., Raymond Naifeh, Asst. Atty. Gen., for appellee.

## PER CURIAM:

This is an appeal from a denial of post conviction relief in the District Court of Carter County. On April 7 and 8, 1969, appellant, J. C. West, who will hereinafter be referred to as defendant, was tried by jury and found guilty of the offense of robbery with firearms. The jury assessed defendant's punishment at five years imprisonment in the State Penitentiary. The information alleged that defendant, in concert with Charles Engels, Roger McBridge, and Wayne Harris, committed the robbery with firearms on July 8, 1968. Petitioner attempted to perfect his appeal to this Court, but on October 29, 1969, said appeal was dismissed by this Court on jurisdictional grounds. On November 6, 1969, defendant commenced to serve the five year penitentiary sentence.

Thereafter, defendant filed his application for post conviction relief in the trial court. On July 16, 1971, Associate District Judge James H. Dillard entered his formal order denying the post conviction relief being sought. That order sets forth the various hearings which were conducted in behalf of defendant, and shows that defendant was present with his retained counsel, Mr. J. B. Champion, Jr., Ardmore, Oklahoma. Thereafter, the Court entered certain findings pertaining to defendant's trial in the district court, his attempted appeal, and various legal actions which he has at times attempted, including a petition for writ of habeas corpus filed in the Federal District Court for the Eastern District of Oklahoma in Cause No. 69–22, which was denied because no application for post conviction relief had been filed in the state court. The third numbered paragraph of the court's finding. recites: "The Court further finds that the sole question presented to this Court in this petition for Post Conviction Relief, is alleged to be newly discovered evidence just procured and which could not have been procured with due diligence earlier, in that the witness, Charles Engels, an alleged accomplice, gave perjured testimony upon which this conviction is based." The newly discovered evidence was in the form of a statement of Charles Allen Engels prepared while he was incarcerated in the Ramsey Unit of the Texas State Department of Corrections.

The court then entered certain findings as a matter of law as follows:

"That the testimony of the witness, Charles Allen Engels, was at the trial, amply and fully corroborated by other evidence and testimony adduced at the trial, all in accordance with the requirements of 22 O.S. 742, and the cases cited thereunder.

"The Court further concludes as a matter of law, that the Affidavit, 'Statement of Charles Allen Engels', attached to the Petition for Post-Conviction Relief herein, when taken together with the other facts surrounding said statement is insufficient to obviate the full text of the testimony of Charles Allen Engels at the trial herein and further finds that the same · is not newly discovered evidence within the meaning of that term, but is merely corroborative and goes to the weight and credit that would be given the

testimony or statements of witness, Charles Allen Engels."

We are therefore of the opinion that after considering the records in the post conviction matter, that trial court provided J. C. West with full due process in his post conviction hearings; that full and complete testimony and stipulations were entered into the record, thereby affording J. C. West with a full and complete post conviction hearing; and after considering the same, we conclude that the trial court properly denied the petition for post conviction relief.

We are further of the opinion that the judgment of the District Court of Carter County, denying the application for post conviction relief should be, and the same is, therefore affirmed.